# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>           Plaintiff,<br><br>     v.<br><br>GODINA, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:12-cv-01094-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION<br><br>(ECF No. 10)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Susan Mae Polk is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on July 6, 2012, and the complaint is currently pending screening.  (ECF No. 1.)  On November 26, 2012, Plaintiff filed an application for a temporary restraining order or preliminary injunction.  (ECF No. 10.)

Plaintiff's complaint alleges that officials at Valley State Prison for Women ("VSPW") denied her access to her legal materials and supplies and destroyed her personal property.  Although Plaintiff names Matthew Cate as a defendant the complaint is devoid of any allegations against him, other than that he has direct responsibility for supervising employees of the California Department of Corrections and Rehabilitation.  (Compl. 9,[1] ECF No. 1.)

Plaintiff is currently housed at the California Institution for Women ("CIW") in Chino, and seeks an order directing Matthew Cate to return her legal materials.  (Application for a Temporary

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1

Restraining Order or Preliminary Injunction 1, ECF No. 10.)  As a threshold matter, Plaintiff must establish that she has standing to seek preliminary injunctive relief.  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation omitted); <u>Pacific Rivers Council v. U.S. Forest Service</u>, 668 F.3d 609, 618 (9th Cir. 2012) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted).  Plaintiff "must show that she is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  <u>Summers</u>, 555 U.S. at 493, 129 S. Ct. at 1149 (citation omitted); <u>Pacific Rivers Council</u>, 668 F.3d at 618; <u>Mayfield</u>, 599 F.3d at 969.

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Initially, Plaintiff cannot state a claim against Matthew Cate based upon his supervisory position at the California Department of Corrections and Rehabilitation.  Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948 (2009).

In this instance, Plaintiff's claims arise out of the past conduct of prison officials while she was housed at VSPW.  Plaintiff lacks standing in this action to seek relief directed at remedying her current conditions of confinement at CIW.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application for a temporary restraining order or preliminary injunction, filed November 26, 2012, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

1  days after being served with these findings and recommendations, Plaintiff may file written
2  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).
6      IT IS SO ORDERED.
7  **Dated:**   **November 28, 2012**        /s/ **Barbara A. McAuliffe**
                                                                   UNITED STATES MAGISTRATE JUDGE