# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | CASE NO. 1:12-cv-01094-LJO-BAM |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |
| v. | |
| GODINA, et al., | (ECF Nos. 10, 11, 13) |
| Defendants. | |

Plaintiff Susan Mae Polk is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 28, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. On December 10, 2012, plaintiff filed an Objection.

Plaintiff objects to the finding that Defendant Cate cannot be held liable on a theory of supervisory liability, citing Madrid v. Gomez, 889 F.Supp. 1146 (N.D. Cal. 1995), for the proposition that supervisory officials can be held liable for the actions of their subordinates without direct involvement. Plaintiff is correct that a supervisory official can be held liable where he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). However, in this instance, Plaintiff's complaint is devoid of any allegations against Defendant Cate other than that he had supervisory

authority over the defendants. This is insufficient to state a claim under section 1983. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948 (2009).

Plaintiff objects on the ground that she has standing to bring an action for lack of access to the Court, however Plaintiff is seeking an order directed at prison official at the California Institution for Women in Corona. ("CIW"). The defendants in this action are prison officials at Valley State Prison for Women ("VSPW"). Accordingly, the past conduct of defendants at VSPW does not confer on this court jurisdiction to issue an order directed at prison officials at CIW.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 28, 2012, is adopted in full; and

2. Plaintiff's motion for a temporary restraining order, filed November 26, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   December 12, 2012**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2