# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) 1:12-cv-01094-LJO- BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S REQUEST FOR PERMISSION TO FILE MOTION FOR RECONSIDERATION |
| v. | |
| GODINA, et al., | ) (ECF No. 16) |
| Defendants. | |

### I. Background

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. On November 26, 2012, Plaintiff filed an application for temporary restraining order and/or preliminary injunction to require Defendant Matthew Cate and prison officials at California Institution for Women ("CIW") to provide her access to her legal materials. (ECF No. 10.) On November 28, 2012, the Magistrate Judge issued findings and recommendations that Plaintiff's motion for preliminary injunction be denied. The Magistrate Judge determined as follows: (1) Plaintiff could not state a claim against Defendant Matthew Cate in his supervisory position with the California Department of Corrections of Rehabilitation; and (2) Plaintiff did not have standing to pursue injunctive relief against prison officials at CIW because her claims in this action related solely to prison officials at Valley State Prison for Women. (ECF No. 11.)

On December 10, 2012, Plaintiff filed objections to the findings and recommendations. Plaintiff raised arguments challenging the Magistrate Judge's determinations regarding supervisory liability and standing. (ECF No. 13. pp. 3-6.)

1

Following consideration of Plaintiff's objections, the Court adopted the findings and recommendations in full on December 12, 2012.  (ECF No. 15.)

On December 26, 2012, Plaintiff filed the instant motion requesting permission to file a motion for reconsideration.  (ECF No. 16.)  The Court construes Plaintiff's motion as one for reconsideration.

## II.     Discussion

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not argue that newly discovered evidence or an intervening change of the law requires reconsideration.  Instead, Plaintiff again argues that she has stated a claim against Defendant Cate based on his supervisory position and that she has standing to pursue her injunctive relief against officials at CIW. (ECF No. 16, pp. 3-4.)   Plaintiff's continued assertions reflect a mere disagreement with the findings of the Court. This is not sufficient to grant a motion for reconsideration.

## III.     Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed December 26, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2013**              **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE