1
2
3
4
5
# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) 1:12-cv-01094-LJ0-BAM (PC) |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH |
| | ) LEAVE TO AMEND (ECF No. 1) |
| v. | ) |
| | ) THIRTY-DAY DEADLINE |
| GODINA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## I.    Screening Requirement and Standard

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on July 6, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

## II.     **Plaintiff's Allegations**

Plaintiff is currently housed at California Institution for Women in Corona, California. The events complained about allegedly occurred while Plaintiff was housed at Valley State Prison for Women. Plaintiff names (1) Correctional Officer Godina, (2) Correctional Officer Stockton, (3) Sgt. B. Pisano, (4) Lt. K. Johnson, (5) Warden R. Davis, and (6) CDCR Secretary Matthew Cate as defendants.

Plaintiff alleges as follows:  Plaintiff was committed to prison on February 23, 2007, and arrived at Valley State Prison for Women ("VSP") on February 27, 2007.  Upon arrival, Plaintiff's legal papers were place in storage at Release and Receiving ("R&R").  Plaintiff had legal deadlines and when she could not obtain access to her legal materials, she filed a grievance. Plaintiff's grievance was granted on July 17, 2007, with the comment, "You were transferred on 6/22/07 and your property went with you including your paperwork."

Plaintiff was transferred to Central California Women's Facility ("CCWF"), which is across the street from VSP.  Plaintiff alleges that her legal materials went into storage at CCWF's R&R when prison officials seized them and refused to let Plaintiff have them in her cell.

Plaintiff filed a grievance at CCWF for access to legal resources, including her legal materials, on August 17, 2007.  Plaintiff's grievance was granted five months later on January 2, 2008.  By then, Plaintiff missed an August 29, 2007 deadline in a district court case.

Plaintiff was transferred back to VSP on September 23, 2009.  Again, her legal materials were placed in R&R and Plaintiff submitted requests to retrieve them.  Plaintiff received a pass on October 5, 2009 from the R&R sergeant as Plaintiff had legal deadlines.

Plaintiff contends that she had no access to her legal materials from October 2009 to June 2010 after obtaining access on October 5, 2009.  Plaintiff sent requests to the R&R sergeant every two to three weeks and filed a grievance on October 5, 2009.  Plaintiff's request was partially granted on December 24, 2009 by Sgt. Garret.  However, Sgt. Garret was replaced by Defendant Pisano, who did not respond to Plaintiff's regular requests for access to her legal materials until Defendant Cates ordered her to in June 2010.

From June 2012 to February 2011, Plaintiff claims that she again had no access to legal materials in R&R when Defendant Pisano was replaced.  Defendant Pisano moved to Ad Seg.

When Plaintiff was in Ad Seg from June 15, 2011 to March 7, 2012, Plaintiff did not obtain access until long after Defendant Johnson granted a third grievance on August 10, 2011.  Plaintiff was in Ad Seg for protective custody and alleges that she was entitled to the same legal materials in Ad Seg as in the general population.  However, Ad Seg staff, Defendants Pisano and Godina, did not permit her to do so.

Although Defendant Johnson granted her grievance on August 10, 2001, Plaintiff still had not obtained access to her legal materials by January 5, 2012.  Defendant Godina only let Plaintiff have access to legal materials in the R&R "connex" once in September 2012.  Plaintiff was forced to get an extension in her civil rights case in the Northern District of California.

Defendant Godina claimed that inmates in Ad Seg could not have staples and removed staples from all legal materials that went into Plaintiff's cell.  Defendant Godina also said that Plaintiff could not have file folders and removed those, too.  When Plaintiff pointed out that inmates in Ad Seg have cards made out of the same material, Defendant Godina let Plaintiff have file folders.  When Plaintiff sought an order in a grievance, Defendant Johnson denied the

grievance, claiming that Ad Seg inmates cannot have stapled materials and/or file folders.  This meant that Plaintiff could not comply with court rules to staple briefs.  It also made it difficult to organize materials.

Plaintiff met with Defendant Johnson on January 5, 2012, and he agreed to give her access to legal materials in R&R.  However, by February 4, 2012, Defendants Godina and Pisano had not provided access even though Plaintiff had repeatedly written to them.  Plaintiff finally obtained access to R&R storage.

On October 5, 2009, Defendant Stockton, then a property officer, said he was "busting" Plaintiff down to C/C (Cover C).  The day or so before, Plaintiff had been placed on C/C status for refusing to sign double cell agreements when she was in Ad Seg for protective custody.  Plaintiff refused to sign the agreements believing they are in effect liability waivers if she is injured or killed in Ad Seg.

Defendant Stockton stated that Plaintiff had too much legal work and gave her a choice between having her legal papers destroyed or her personal property destroyed.  Plaintiff claims that according to department regulations C/C inmates may not own entertainment appliances.  Plaintiff had only one TV.  She asserts that inmates in C/C may send their TVs home if they have funds to pay for the postage.  Defendant Stockton said that Plaintiff did not have funds and either her legal papers or personal property were going in the trash.  Defendant Stockton destroyed Plaintiff's reading lamp, eyeglasses, typewriter ribbons, brassieres, earphones and TV.

Plaintiff alleges that C/C inmates normally are permitted to store their entertainment appliances until removed from C/C status or until they obtain funds to mail the appliances home.  Plaintiff asked Defendant Stockton to store her TV and other items pending a grievance, but Defendant Stockton destroyed her property.

A grievance that Plaintiff filed in December 2009 addressed both the failure of R&R to allow Plaintiff access to her legal materials and Defendant Stockton's seizure of personal property.  Sgt. Garret did not grant Plaintiff's request for replacement of property, but granted the request for access to legal materials. When Plaintiff attempted to send her grievance to the second level of review, the Appeals Coordinator falsely claimed that Plaintiff had exceeded the

number of appeals that she could file in a seven-day period and placed her on "appeals restriction."  The Appeals Coordinator refused to process her grievance any further.

In the meantime, Defendant Pisano processed a duplicate grievance, which was assigned a different number.  Defendant Pisano disagreed with Sgt. Garret and denied the grievance.

Plaintiff alleges that another grievance was not processed when Mr. Wilson, a non-party, claimed that Plaintiff had exceeded the number of grievances allowed per seven-day period.  Mr. Wilson "continued to make it appear that [Plaintiff] had by double counting grievances after they had been screened out and resubmitted."  (ECF No. 1, p. 8.)

Plaintiff alleges a violation of her First Amendment right to access the courts.  Plaintiff claims that Defendant Stockton "chilled" her right under the First Amendment when he destroyed her personal property for having too much legal work.  Plaintiff also claims that Defendant Stockton violated her property rights under the Fifth and Fourteenth Amendments by seizing her property without due process.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III.   Deficiencies of the Complaint

As Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending her complaint, Plaintiff is provided with the applicable pleading and legal standards.

#### A.  Pleading Requirements

##### 1.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is disjointed and does not clearly state the facts that support her claim. If Plaintiff chooses to amend her complaint, she should briefly state the facts giving rise to her claim or claims for relief.

### 2.  Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for different incidents at different times. For example, Plaintiff complains about the denial of access to her legal materials by Defendants Pisano and Godina while simultaneously complaining about the destruction of her personal property by Defendant Stockton. Plaintiff may not pursue unrelated claims against different defendants in a single action. If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### 3.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In her complaint, Plaintiff fails to identify and clearly link Defendant Warden R. Davis and CDCR Secretary Matthew Cate to the cause(s) of action alleged.  Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

**B.  Claims for Relief**

    **1.  Access to Court**

Plaintiff alleges that her right to access the courts was violated by the failure of Defendants Godina and Pisano to permit Plaintiff access to her legal materials in R&R storage.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007), quoting Christopher, 536 U.S. at 413–14, overruled on other grounds, Hust v. Phillips, 555 U.S. 1150, 129 S.Ct. 1036, 173 L.Ed.2d 466 (2007).

The first element requires that Plaintiff show she suffered an actual injury by being shut out of court. Harbury, 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076. The second element requires that Plaintiff show a defendant proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone ... [for which] is foreseeability." Phillips, 477 F.3d at 1077. Finally, the third element requires that Plaintiff show she has no other remedy than the relief available via this suit for denial of access to the courts. Id. at 1078–79.

Here, Plaintiff fails to state a cognizable claim for denial of access to the courts. Plaintiff has failed to show that she suffered an "actual injury" by being shut out of court or that she had no other remedy available for denial of access to the courts other than this action. Instead, Plaintiff has alleged that she faced court deadlines in unspecified actions and that she was required to obtain an extension of time in one district court matter. Plaintiff has not alleged any injury and has not alleged that she had no other remedies available to her.

  2. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although not entirely clear from the complaint, it appears that Plaintiff is attempting to assert a cause of action for retaliation in violation of the First Amendment against Defendant Stockton. Plaintiff's allegation that Defendant Stockton destroyed her personal property because she had too many legal materials is not sufficient to state a cognizable retaliation claim. Plaintiff has not alleged that Defendant Stockton destroyed her personal property because of any

protected conduct.  She also has not established that Defendant Stockton's actions did not

reasonably advance a legitimate correctional goal.  Rather, Plaintiff has alleged that Defendant

Stockton destroyed Plaintiff's personal property due to space limitations and institutional

regulations.

### 3.   Processing of Grievances

Plaintiff appears to complain about the processing of her grievances by various persons.

Plaintiff does not have a constitutionally protected right to have her appeals accepted or

processed.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d

639, 640 (9th Cir. 1988 ). The prison grievance procedure does not confer any substantive rights

upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section

1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993 ). Accordingly, Plaintiff has not

stated a cognizable claim arising out of the screening and reviewing of her grievances.

### 4.   Deprivation of Personal Property

While an authorized, intentional deprivation of property is actionable under the Due

Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a

prison official is actionable if a meaningful postdeprivation remedy is available for the loss.

Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.

1984).

To the extent that Plaintiff claims that her electronics and other property were

intentionally destroyed by Defendant Stockton as a form of retaliation, this would be an

unauthorized, intentional deprivation.  Due Process is therefore satisfied if there is a meaningful

post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533.  Plaintiff has an

adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d

813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).  Accordingly, Plaintiff has

failed to state a cognizable claim for the alleged destruction of her personal property.

### 5.   Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated.  "A

declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## IV.    Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will provide Plaintiff with the opportunity to file an amended complaint. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555). Plaintiff should note that although she has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Plaintiff's amended complaint also should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order; and

1    3.    **If Plaintiff fails to comply with this order, the Court will dismiss this action**
2    **for failure to obey a court order and for failure to state a claim.**
3
4    IT IS SO ORDERED.
5
     Dated:   **October 11, 2013**              /s/ *Barbara A. McAuliffe*
6                                          UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28