UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>              Plaintiff,<br><br>       v.<br><br>GODINA, et al.,<br><br>              Defendants. | Case No.: 1:12-cv-01094-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO DISQUALIFY MAGISTRATE JUDGE FOR BIAS AND PREJUDICE<br><br>(ECF Nos. 32, 35) |

**I.     Introduction**

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2012. Currently, there is no operative complaint on file. On February 20, 2015, and March 2, 2015, Plaintiff filed affidavits attesting to the purported bias and prejudice of the undersigned, United States Magistrate Judge Barbara A. McAuliffe. The Court construes the affidavits as a motion to disqualify, and the matter is submitted pursuant to Local Rule 230(l).

**II.    Motion for Disqualification**

A magistrate judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).

1

"[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," Johnson, 610 F.3d at 1147, and in this instance, Plaintiff disagrees with the Court's screening order, which does not support recusal.

Plaintiff also expressly seeks relief pursuant to 28 U.S.C. § 144. In relevant part, section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the motion must be referred to another judge for a determination of the merits. United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge. Sibla, 624 F.2d at 868. Motions under §144 are directed to the judge before whom the matter is pending,

1  which in this instance would be the undersigned.  The Court assumes without deciding that Plaintiff's
2  declarations were timely filed.

3        Having set forth the legal standard, the Court now examines Plaintiff's affidavits.

4        <u>Plaintiff's Affidavit</u>

5        Plaintiff contends that the undersigned made numerous errors in the order dismissing
6  Plaintiff's first amended complaint with leave to amend, including misquoting from the amended
7  complaint, misstating material facts, creating false insinuations, omitting crucial elements of a claim,
8  subjecting her to a more stringent pleading standard, misstating the law and not allowing her to join
9  this action with <u>Polk v. Pittman</u>, 1:11-cv-00728-AWI-BAM (PC).  Plaintiff also contends that the
10 undersigned imposed an arbitrary 25-page limit on any amended complaint.  (ECF No. 32, pp. 1-2, 4-
11 7; ECF No. 35, pp. 2, 4-7.)  Plaintiff's allegations are not directed at the undersigned's purported bias,
12 but rather at challenging the screening order dismissing her first amended complaint with leave to
13 amend that was issued on January 7, 2015.  (ECF No. 25.)  Plaintiff has not been prejudiced by the
14 Court's dismissal order as she has been granted leave to amend her claims.

15       Plaintiff further suggests that the undersigned has exhibited bias by "making intrinsically
16 derogatory comments, which waft in negative innuendoes unsupported by the record as a whole and
17 which aren't in fact true" and by adopting an adversarial posture.  (ECF No. 32, p. 2.)  Plaintiff has not
18 identified any derogatory comments.  Plaintiff's disagreement with the undersigned's findings and
19 conclusions in the screening order is not sufficient to demonstrate bias or prejudice.  The Court is
20 required to screen complaints brought by a prisoner seeking relief against an officer or employee of a
21 governmental entity and evaluate whether the prisoner has stated a claim that is facially plausible.  28
22 U.S.C. §1915A(a); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

23       **III.    Conclusion and Order**

24       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to disqualify the
25 undersigned, filed on February 20 and March 2, 2015, are DENIED.
26 IT IS SO ORDERED.

27    Dated:   **April 15, 2015**          /s/ *Barbara A. McAuliffe*
28                                       UNITED STATES MAGISTRATE JUDGE