# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GODINA, et al.,<br><br>　　　　Defendants. | 1:12-cv-01094-LJO-BAM (PC)<br><br>ORDER DENYING AMENDED MOTION TO ALTER OR AMEND JUDGEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)<br><br>(ECF Nos. 50, 53) |

## I.　Introduction

Plaintiff Susan Mae Polk ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2015, judgment was entered dismissing this action with prejudice for failure to state a claim. (ECF Nos. 48, 49.) On December 3, 2015, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) with objections to the order dismissing her case. (ECF No. 50.) On December 9, 2015, Plaintiff filed a superseding, amended motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 53.)

On the same day Plaintiff filed her amended motion under Rule 60(b), she also filed a notice of appeal, which has been processed and docketed by the Ninth Circuit. (ECF Nos. 54, 55.) Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d 822 (9th Cir. 1982)). However, under Federal Rule of 62.1(a)(2), a district court retains the

authority to deny a motion that is timely filed even though an appeal has been docketed and is pending. Fed. R. Civ. P. 62.1(a)(2); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir. 2013) (pursuant to Rule 62.1, district court retained jurisdiction to deny a timely-filed motion for leave to amend petition, even though motion was filed after notice of appeal). Consequently, the Court retains the jurisdiction and authority to deny Plaintiff's amended motion, which it does for the reasons discussed below.

## II.   Discussion

Plaintiff asserts that this Court made numerous errors in ruling that she failed to state a claim by misunderstanding or misconstruing her pleading, and by misapplying case law which supports her arguments. (ECF No. 53.) Under Federal Rule of Civil Procedure 60(b), a district court may relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). See also Kingvision Pay-Per-View Ltd. V. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999) (because the words "mistake" and "inadvertence" are not limited to mistake or inadvertence by the parties, they may include mistake or inadvertence by the judge).

Plaintiff first argues that in determining she did not state a retaliation claim based on Defendant Stockton's destruction of her typewriter, the Court ignored her allegation that Defendant Stockton had earlier threatened to destroy Plaintiff's legal papers due to write-ups for disciplinary infractions. Plaintiff also argues that the Court mistakenly ruled that she did not state a claim because she did not allege that the threat was carried out. On the contrary, the Court neither failed to consider her allegations, nor did it find her complaint insufficient because she alleged a threat that was not completed. Instead, the Court found that Plaintiff's allegations that Defendant Stockton threatened to destroy Plaintiff's property based on institutional regulations, even if those regulations were misapplied, do not sufficiently state any cognizable retaliation claim. Plaintiff did not sufficiently allege that her property was destroyed, or threatened to be destroyed, because of protected conduct.

Secondly, Plaintiff asserts that she stated retaliation claims against certain Defendants which the Court improperly construed as allegations related to issues with her grievances. However, she points to nothing which undermines the Court's prior finding that she was in fact complaining about the grievance process and the allegedly incorrect manner in which it was applied to her. Plaintiff's conclusory allegations that certain acts were done in retaliation, without any facts supporting those assertions, does not sufficiently plead that the Defendants' actions were retaliatory.

Thirdly, Plaintiff argues that she stated a retaliation claim against Defendant Johnson by asserting that he did not give her complete access to her legal materials, which she understood to be an implicit threat for complaining about Defendant Godina's actions. Contrary to Plaintiff's arguments, the Court did not find her complaint lacking because she asserted an implicit rather than explicit threat. Instead, the Court found Plaintiff did not allege sufficient allegations that a reasonable fact finder could interpret as a threat of adverse consequence for protected behavior, whether implicit or explicit.

Fourthly, Plaintiff argues that she sufficiently stated claims against Defendants Godina, Stockton, Bankston, Pisano, Whidden, Burns, Johnson, Scott, Wilson, Jenness, Briceno, Stainer and Cate for retaliation, for violations regarding her right to access the courts, and for conspiring to retaliate against her and to thwart her litigation efforts. In doing so, Plaintiff mostly re-states arguments and allegations the Court previously considered. She has not shown any misapplication of fact or law, change in the law, new evidence, or other consideration which undermines the Court's judgment. Plaintiff argues that the Court failed to consider that the timeline of events she complained of reasonably showed a causal connection between protected conduct and adverse actions by the Defendants, but the Court disagrees. The Court drew all reasonable inferences from Plaintiff's factual allegations in her favor, and specifically considered the timeline of Plaintiff's alleged deprivation of access to resources, litigation deadlines, and the timing of the Defendants' actions. The Court nevertheless found that Plaintiff did not sufficiently state any claims and in fact made allegations which undermined her complaint, and Plaintiff's current arguments do not show any error in that judgment.

Plaintiff next argues that this Court overlooked her objections to the magistrate judge's summary of her allegations and inferences from those allegations. For example, Plaintiff pleaded that she was deprived of law library access from October 2009 to March 2010, March 2011 to May 2011, and June 15, 2011 to March 7, 2012. (ECF No. 41, p. 26.)  The magistrate judge reasonably interpreted this to mean that Plaintiff was admitting to law library access during the time periods she did not allege deprivation. (ECF No. 43, p. 12.) Plaintiff objects to this inference as erroneous on the grounds that it was unspoken, rather than affirmatively stated as true. Plaintiff's objection to this reasonable inference from her allegations is unavailing. Plaintiff makes various similar arguments, but the Court finds none of these undermine the judgment here.

Plaintiff's argument that the Court applied too stringent a pleading standard relies on pre-Iqbal case law regarding that standard. Although courts must construe the pleadings of pro se petitioners in civil rights cases liberally and afford those petitioners the benefit of the doubt, the standard applied is that which the United States Supreme Court adopted in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Namely, the complaint must contain enough factual allegations to "state a claim to relief which is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 662 (quoting Twombly, 550 U.S. at 555). Plaintiff's complaint in this case, even when liberally construed, did not satisfy that standard.

Plaintiff also argues that this Court wrongly found she did not allege a deprivation of rights to support her claim of a conspiracy to retaliate against her for pursuing litigation because she continued to pursue litigation despite threats and retaliation. However, the Court did not rely on any finding that Plaintiff was not injured because she continued to litigate various claims. Rather, the Court found Plaintiff did not allege a sufficient constitutionally-protected injury, for the reasons explained in its order.

///

Finally, although not every aspect of every argument by Plaintiff is discussed here in full detail, the Court considered her arguments in full, and found none of them merit relief from the judgment imposed in this action.

### III. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), (ECF No. 50.), as amended by her motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60(b), (ECF No. 53.), is DENIED.

IT IS SO ORDERED.

Dated:   **December 17, 2015**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE