# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GODINA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01094-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(5) AND (6)<br><br>(ECF No. 69) |

**I.　Introduction**

Plaintiff Susan Mae Polk ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On November 16, 2015, judgment was entered dismissing this action with prejudice for failure to state a claim. (ECF Nos. 48, 49.) On December 3, 2015, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) with objections to the order dismissing her case. (ECF No. 50.) On December 9, 2015, Plaintiff filed a superseding, amended motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 53.)

On the same day Plaintiff filed her amended motion under Rule 60(b), she also filed a notice of appeal. (ECF Nos. 54, 55.) Pursuant to Rule 62.1, the Court found that it retained jurisdiction and authority to deny Plaintiff's amended motion, which it did on December 17,

2015. (ECF No. 60.)

On July 3, 2017, the United States Court of Appeals for the Ninth Circuit affirmed the Court's judgment. (ECF No. 67.) The Ninth Circuit issued its mandate on January 23, 2018. (ECF No. 68.)

**II.  Motion for Relief from Judgment**

Currently before the Court is Plaintiff's motion for relief from judgment, filed July 8, 2019. (ECF No. 69.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.  Discussion**

First, Plaintiff argues that due to the Supreme Court's decision in Knick v. Township of Scott, Pennsylvania, 139 S. Ct. 2162 (2019), she is no longer required to seek relief in state court before filing a federal suit for deprivation of property in violation of the Takings Clause of the Fifth Amendment, which abrogates the Court's original reasoning for finding she did not state a

claim under the Fifth Amendment. (ECF No. 69.)

Plaintiff's argument is unpersuasive. Plaintiff alleges in the second amended complaint that Defendant Stockton destroyed her typewriter after stating that he had the authority based on her classification level to destroy it, when Plaintiff actually had a right under the applicable rules and regulations to either have the typewriter in her cell or have it mailed home rather than destroyed. (ECF No. 41, pp. 19–20.) Thus, Plaintiff alleges an unauthorized, intentional deprivation of property, which is actionable under the Due Process Clause, not the Takings Clause. As originally noted in the findings and recommendations, later adopted in full by the Court, due process is satisfied if there is a meaningful post-deprivation remedy available for the unauthorized, intentional deprivation. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). The Supreme Court's decision in Knick does nothing to change this analysis, and in fact draws a distinction between "due process for the unauthorized act of a single employee" and "the taking of property *by the government* through physical invasion or a regulation." Knick, 139 S. Ct. at 2174 (emphasis in original).

Plaintiff next contends that her access to courts claim under the First Amendment was dismissed by this Court due to her failure to show actual injury by explaining the ultimate disposition of her pending appeal of the dismissal of her habeas petition as time-barred. However, since judgment was entered in this action, the Ninth Circuit affirmed the dismissal of her habeas action as time-barred and the Supreme Court denied her petition for rehearing of that decision, and this is evidence of the actual injury she suffered. (ECF No. 69.)

Again, this argument is unavailing. In fact, the Court's November 16, 2015 order adopting the findings and recommendations and dismissing this action addressed a similar argument raised in Plaintiff's objections. As explained in that order, Plaintiff's allegations related to her untimely habeas petition were found insufficient for multiple reasons, only one of which was her failure to allege a sufficient injury, related to her pending appeal. The adopted findings and recommendations also found that (1) although Plaintiff contended she was denied access to certain legal materials and the law library, she admitted she had access to the materials and law library for substantial periods of time prior to the deadline for her petition; and (2) Plaintiff did

not allege facts showing the occasional deprivation of access to her legal materials was the cause of her missing the deadline for filing her petition. (ECF No. 43, pp. 12–13.) The resolution of Plaintiff's appeal of her habeas petition do not change these findings, or the Court's original judgment.

**IV. Conclusion and Order**

Based on the foregoing, Plaintiff's motion for relief from judgment, (ECF No. 69), is HEREBY DENIED. This action remains closed.

IT IS SO ORDERED.

Dated: **November 22, 2019**       /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE